IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ronald Febres-Farrel<br><br>　　　Plaintiff<br><br>　　　v.<br><br>GC&E Systems Group, Inc.<br>ABC Insurance, Inc., John Doe<br>and Jane Doe<br><br>　　　Defendants | CIVIL NO:<br><br>EMPLOYMENT<br>DISCRIMINATION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

I. NATURE OF ACTION

1. This is an action to redress violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), Section 102(b)(5)(A) 42 U.S.C. § 12112(b)(5)(A). Also, under 28 USC § 1367 this Court has supplemental jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 P.R.L.A. § 146 et seq.; Puerto Rico Law Number 44 of July 2, 1985, 1 L.P.R.A§ 501 et seq; Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a et seq. 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively, seeking compensatory, double and liquidated damages, back pay, front pay and equitable and injunctive relief to seek redress for defendant's discriminatory practices against plaintiff Ronald Febres-Farrel (hereinafter Febres-Farrel) on the basis of his disability.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1981 and 2000e-5(f)(1) and (3).

3. Under 28 USC § 1367 this Court has supplemental jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 P.R.L.A. § 146 et seq.; Puerto Rico Law Number 44 of July 2, 1985, 1 L.P.R.A. § 501 et seq.; Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a et seq. 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

5. Venue is appropriate as the alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

## III. PARTIES

6. Ronald Febres-Farrel was an employee of GC&E Systems Group, Inc. (hereinafter GC&E). He is a qualified individual with a disability pursuant to the ADA and the ADAAA.

7. GC&E is a private company engaged in providing Information Technology (IT), electronic security solutions, and communication/telecommunication solutions consultation, design, and implementation services in federal, state and local, K-12 and higher education, healthcare and commercial markets.

8. ABC INSURANCE, INC., is an insurance company whose real name is unknown at this time, that had issued an insurance policy to respond for the risk detailed in this complaint.

9. JOHN DOE and JANE DOE, are natural or legal entities, whose real names are unknown at this time, whom are liable to the plaintiff for the damages suffered as a result of the negligent acts or omissions described in the complaint.

10. At all relevant times, GC&E has continuously done business in Puerto Rico, and has continuously had at least fifteen (15) employees.

11. At all relevant times, GC&E has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## IV. ADMINISTRATIVE PROCEEDINGS

12. More than thirty (30) days prior to the institution of this lawsuit, Mr. Febres-Farrel filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of ADA. All conditions precedent to the institution of this lawsuit has been fulfilled.

## V. STATEMENT OF FACTS

### Febres-Farrel Job as Telecommunications Specialist

13. During the summer of 2006, Mr. Febres-Farel obtained a degree as Electrical Engineer from the Polytechnic University of Puerto Rico. Shortly after graduation, on October 2006, he started to work for the United States Department of Defense (hereinafter DoD) contractor Lockheed Martin Corporation as a Network and Communications Analyst in the Fort Buchanan U.S. Army installation in Puerto Rico. Mr. Febres-Farrel was assigned to the DoD

Network Enterprise Center (NEC). The NEC is the DoD department in charge all related to telecommunications in Fort Buchanan.

14. As part of his job responsibilities, Mr. Febres-Farrel had to, among other tasks, troubleshoot communications circuits, resolve different communications issues using test equipment, cable trace and analytical skills to determine the cause of these issues, replace communications devices, perform configurations to encryptors, install new communications circuits.

15. Mr. Febres-Farrel also developed/implemented configuration management plans for local area network (LAN) and wide area network (WAN) and creates network maps for establishing/maintaining organization network architecture, infrastructure, topology, protocols, and connectivity between remote sites.

16. During the period comprised between October 2009 and May 2010, GSTek Inc. was awarded a DoD contract to provide the services previously provided by Lockheed Martin in Fort Buchanan. GSTek kept substantially the same workforce including Mr. Febres-Farrel which continued performing essentially the same employment functions.

17. On June 1, 2014, GC&E was awarded a DoD contract to provide the services previously provided by GSTek Inc. in Fort Buchanan. GC&E kept substantially the same workforce including Mr. Febres-Farrel which continued performing the same employment functions.

18. During the course of his employment with GC&E, Mr. Febres-Farrel always met the employer's performance expectations and was never subject to any reprimand or disciplinary action.

19. On October 2013, Febres-Farrel was ordered by Mr. Gregory Ortiz, NEC Director, to write an e-mail to a certain brigade to notify them of the progress of an assigned task. Mr. Ortiz stood behind him, snapping his fingers, saying *"push it, push it"*, knowing that, due to his disability, he is only capable to use his left hand to type with certain difficulty. Not only Mr. Febres-Farrel was discriminated against because of his disability, but also GC&E failed to address the situation with Mr. Ortiz and failed to engage into an interactive process with Mr. Febres-Farrel to ascertain the need for a reasonable accommodation.

20. Mr. Febres-Farrel was dismissed from his employment with GC&E on June 30, 2014 due to a purported reduction in personnel assigned to Fort Buchanan.  At the time of his dismissal, there were three (3) employees, including him, that had the same seniority. Nonetheless, Mr. Febres-Farrel was the only one dismissed even though he was the most experienced of the three (3) employees, was the only one with a degree in Electrical Engineering, always met GC&E's performance expectations, had never been subject to any reprimand or disciplinary action and was the only one with a known and visible disability.

### Febres-Farel's Disability

21. Mr. Febres-Farrel suffers from Spastic Quadriparesis, a type of cerebral palsy that affects mobility due to stiffness and contraction of the muscles in all limbs.

### VI. STATEMENT OF CLAIMS

22. Paragraphs 1 through 19 are incorporated herein. GC&E failed to provide a reasonable accommodation to Mr. Febres-Farrel who is a qualified individual, in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

23. Paragraphs 1 through 19 are incorporated herein. GC&E failed to engage in an interactive process in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

24. Paragraphs 1 through 19 are incorporated herein. GC&E discriminated against Mr. Febres-Farrel on the basis of his disability in regard to his terms and conditions of employment by dismissing him from employment, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

25. Paragraphs 1 through 19 are incorporated herein. The acts and/or omissions describe jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 L.P.R.A. § 146 et seq.; Law Number 44 of July 2, 1985, 1 L.P.R.A§ 501 et seq;, Law Number 80 of May 30, 1976, 29 L.P.R.A. § 185(a) et seq.; Sections 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively.

26. The unlawful employment practices complained of in paragraphs 1 to 19 resulted in Mr. Febres-Farrel suffering emotional pain, mental anguish, suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary damage.

27. The unlawful employment practices complained of in paragraphs 1 to 19 were intentional and caused Mr. Febres-Farrel to loose earnings, compensation, benefits and income including, but not limited to, back-pay and front pay.

26. The unlawful employment practices complained of in paragraphs 1 to 19 were intentionally done with malice and/or reckless indifference to the federally protected rights of Mr. Febres-Farrel.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court:

28. Grant a permanent injunction enjoining GC&E, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices

6

which discriminate against qualified individuals on the basis of his disability in regard to his terms and conditions of employment, including removing employees from their positions due to their disability;

29. Grant a permanent injunction enjoining GC&E, its officers, successors, assigns and all persons in active concert or participation with it, from refusing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an employee;

30. Grant a permanent injunction enjoining GC&E, its officers, successors, assigns and all persons in active concert or participation with it, from refusing to engage in the interactive process in good faith;

31. Order GC&E to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

32. Order Defendant to make whole Mr. Febres-Farrel by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement of Mr. Febres-Farrel or awarding front pay if not feasible,

33. Order GC&E to make whole Mr. Febres-Farrel by providing compensation for past and future pecuniary loss, including appropriate back pay, front pay and benefits with prejudgment interest and all out-of-pocket expenses, in an amount not less than *seven hundred and fifty thousand dollars ($750,000.00)* plus an equal amount in damages as mandated by Law.

34. Order GC&E to make whole Mr. Febres-Farrel by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 1 to 46 above, including emotional and physical pain, suffering and mental

anguish, in an amount not less than *five hundred thousand dollars ($500,000.00)* plus an equal amount in damages as mandated by Law.

35. Order GC&E to pay Mr. Febres-Farrel punitive damages for its malicious and reckless conduct, as described in paragraphs 1 to 20 above, in amounts to be determined at trial.

36. Order GC&E to pay Mr. Febres-Farrel severance payment as a result of wrongful termination from employment in an amount not less than twenty-four thousand eight hundred dollars ($24,800.00).

37. Grant such other further relief as the Court deems necessary and proper in the public interest; and

38. Award the plaintiff its costs and attorney's fees in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of May 2017.

## NOTICE OF ELECTRONIC FILING

**WE HEREBY CERTIFY**: That on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

GARCÍA, APONTE & QUIÑONES
954 Ponce de León Avenue
Miramar Plaza, Suite 702
San Juan, Puerto Rico 00908
TEL. 787-300-2811
FAX. 787-300-2814


S/ IVAN APONTE-GONZÁLEZ
_____
IVAN APONTE-GONZALEZ
USDC-PR NO. 216803
ia@gaqlaw.com


S/ HÉCTOR J. QUIÑONES INSERNI
_____
HÉCTOR J. QUIÑONES INSERNI
USDC-PR NO. 222614
hq@gaqlaw.com
